**Daniel Snyder, OSB No. 78385**
dansnyder@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 06105**
carlpost@lawofficeofdanielsnyder.com
**John David Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249

    Of Attorneys for Plaintiff Angela Branford

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **ANGELA BRANFORD,** | Case No. 19-cv-1043 |
| PLAINTIFF, | **COMPLAINT** |
| v. | ADA, Title VII, and supplemental state claims |
| **WASHINGTON COUNTY,** | |
| DEFENDANT. | **JURY TRIAL DEMANDED** |

## PRELIMINARY STATEMENT

    1.    Plaintiff brings this action to remedy violations of Plaintiff's statutory rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, and Title I of the ADA, 42 U.S.C. § 12112. Title I of the ADA, 42 U.S.C. § 12112 and the Oregon Rehabilitation Act.

PAGE 1 – COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff seeks equitable relief as well as economic and non-economic damages, attorneys' fees and costs.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, federal question jurisdiction.

3. Venue is proper in the Portland Division of the District of Oregon pursuant to 28 U.S.C. § 1391(b) because the claim arose in this Judicial District because a substantial part of the events giving rise to the claims occurred in Washington County, which is in the Portland Division.

4. Branford requests this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to all causes of action based on Oregon statutory provisions or common law as the state claims arise from the same nucleus of operative facts as the federal claims.

5. On June 7, 2018, Branford complied with the Oregon Tort Claims Act for claims under Oregon law against the Washington County by sending a Supplemental Notice of Tort Claim by facsimile, first-class mail, and certified mail to Eva LaBonte, Risk Manager, making a claim against Washington County, Oregon. On July 9, 2018, Karen O'Kasey, the attorney representing Washington County acknowledged that Washington County was in receipt of the June 7, 2018, tort claim notice.

6. All preconditions to jurisdiction pursuant to 42 U.S.C. §2000e-5 have been satisfied.

    a. On June 25, 2018, Branford filed a charge of employment discrimination and retaliation with the Oregon Bureau of Labor and Industries (BOLI),

PAGE 2 – COMPLAINT AND DEMAND FOR JURY TRIAL

        case number DPEMDP180625-10955, for disability discrimination and retaliation, and for retaliation for reporting unlawful conduct, for participating in criminal and civil proceedings, and for reporting unsafe working conditions.

    b.    On or about June 29, 2019, BOLI co-filed a charge with the Equal Employment Opportunity Commission (EEOC), charge number 38D-2018-00651C under The Americans with Disabilities Act (ADA).

    c.    On April 3, 2019, BOLI issued Branford a right-to-sue letter for case number DPEMDP190625-10955 without interviewing her.

    d.    On April 8, 2019, the EEOC issued Plaintiff a right-to-sue letter for charge number 38D-2018-00651 for violation of Title VII and the Americans with Disabilities Act.

## PARTIES

7.    Defendant Washington County (hereafter "the County") is a political subdivision of the State of Oregon.

8.    Angela Branford is a female citizen of the United States of America. At all times relevant, Branford was a resident of Washington County, Oregon. Branford is a former employee of the County as a Deputy Sheriff working in the Washington County Sheriff's Office (hereafter "WCSO").

9.    Pat Garrett ("Sheriff Garrett") is the Sheriff of WCSO. Jonathan Christensen ("Sergeant Christensen") was a Sergeant employed by Defendant the County at the WCSO.

PAGE 3 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

## GENERAL FACTUAL ALLEGATIONS

10.     There has been a long history of sexually harassing conduct toward Branford as set forth herein.

11.     Beginning April 2015 and continuing thereafter for more than a year, Branford cooperated with Washington County Sheriff's Office and the Portland Police Bureau in the criminal investigation of Washington County employee then-acting Sergeant Jon Christensen. In March 2015, Christensen came to Branford's home while he was on duty. While Christensen was in uniform and wearing his sidearm, he choked and strangled Branford. Sergeant Christensen was criminally prosecuted and eventually was found guilty of crimes including official misconduct.

12.     The prosecution of Christensen was viewed by Branford's coworkers as a betrayal of a coworker and breaking ranks. Branford was harassed, shunned, and retaliated against at work.

13.     As a result of Christensen's attack on her, Branford suffers from PTSD, anxiety disorder, and panic attacks which she disclosed on multiple occasions to WCSO management and requested accommodation. During 2015, Branford had multiple contacts with Washington County Sheriff's Office management and explained that she was having problems with memory and thinking. On June 5, 2015, she reported to Undersheriff Jeff Mori that she was struggling emotionally at work. On June 11, 2015, Branford sent an email to Undersheriff Jeff Mori notifying him that her work environment is difficult, that she has panic attacks, that she is not sleeping well, and she is struggling with "mush brain." Branford reported to Mori that she has problems multi-tasking and keeping her brain on the job, that she makes errors and forgets what she is doing.  She also reported to Undersheriff Mori that she was seeking counseling and had

PAGE 4 – COMPLAINT AND DEMAND FOR JURY TRIAL

symptoms of Post-Traumatic Stress Disorder (PTSD).

14. On June 12, 2015, Mori responded that he was working with Human Resources concerning her. On June 12, 2015, Undersheriff Mori responded that he was concerned about Branford's on-going distress, that the criminal investigation was near completion, and Branford was not the subject of any disciplinary action. Mori referred Branford to the County Employee Assistance Program.

15. On July 2, 2015, Branford's attorney, Elizabeth J. Inayoshi, requested accommodations for Branford's disability. On July 8, 2015, Paul L. Hathaway, III, Sr. Assistant County Counsel, granted the requested accommodations, but did so under Oregon's domestic violence statute.

16. On March 31, 2016, Branford met with Sheriff Garrett and told him that she was suffering from panic attacks at work and was having problems with her memory.

17. On May 23, 2016, Branford notified Garrett of further sexual harassment she experienced at work by Deputy Ulrich. In June 2016, Branford reported sexual harassment by Sergeant Kelly Degman. On June 23, 2016, then Commander Shawn Fischer, responded to her that he wanted to talk to her about Sergeant Degman. During their meeting, Branford disclosed to Fischer that she suffered from panic attacks and was having memory problems.

18. Branford sought protected medical leave on multiple occasions for her health condition. On July 25, 2016, Branford applied for Family and Medical Leave.

19. On January 19, 2017, Branford filed a civil rights lawsuit, *Angela Branford v. Washington County, et al,* Case No. 3:17-cv-00094-SI.

20. On January 16, 2018, Branford was approached by Sergeant Vance Stimler at work. Sergeant Stimler told Branford that he and Sergeant Daniel Noffsinger needed to ask

PAGE 5 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Branford a few questions about use of County equipment. Sergeant Stimler said, "This is not anything you can be fired for, just some questions." Branford asked if she needed union representation at the meeting. Stimler said "no," this meeting is not disciplinary.

21.     During the January 16, 2018 meeting, Branford began to have a panic attack, which continued throughout the meeting. Branford had trouble breathing and felt frozen. Stimler asked Branford if she had ever used the TLO data base for "personal reasons". Branford replied that she had not used the TLO data base with the intent to find out absolute information. When asked whether she had looked up any phone numbers for personal use, she said no.

22.     A day or two after the interview, Branford recalled looking up some telephone numbers for a crime victim and notified her Union Representative Ryan King. Branford had been encouraging the victim to contact law enforcement about the abuse.

23.     On January 30, 2018, Plaintiff attended a second interview by Sergeant Stimler. Stimler asked Branford if she wanted to change or correct anything from the first interview. Branford then told the investigators that she had remembered looking up some telephone numbers using the TLO database.

24.     On February 5, 2018, Branford's deposition was taken in her civil rights lawsuit. During that deposition, Branford reported on multiple occasions that she was having panic attacks. Shortly after giving her deposition, Branford reported to Commander Karlyn Degan that Sergeant Stimler had made a sexist comment to Branford which offended her, implying that Branford was a "bitch." Sergeant Stimler was then taken off the Internal Affairs investigation.

25.     On February 9, 2018, Sheriff Garrett gave a deposition in Branford's civil rights case. Sheriff Garrett testified under oath that Branford was a good employee and that there were no plans to terminate her employment.

PAGE 6 – COMPLAINT AND DEMAND FOR JURY TRIAL

26.     On March 22, 2018, former Lieutenant Black testified. He testified much the same as Sheriff Garrett did.

27.     On June 4, 2018, Branford was called into a meeting with Chief Deputy Shawn Fischer. Chief Deputy Fischer told Branford that her employment was being terminated effective June 18, 2018.

## FIRST CLAIM FOR RELIEF

### (Title I of the ADA)

### Count I – Discrimination

28.     Plaintiff re-alleges all above relevant paragraphs as if fully restated herein.

29.     At all times material, Defendant was an employer for the purpose of, and subject to, the ADA.

30.     Plaintiff has one or more impairments which substantially limit one or more major life activities, has a history or record of such impairment, or was regarded by Defendant as having such impairment.

31.     Defendant discriminated against Plaintiff because of her disability.

32.     Defendant failed to engage in the interactive process with Plaintiff.

33.     Plaintiff requested reasonable accommodations from Defendant.

34.     At all relevant times, Plaintiff was able to perform the essential functions of her position, with or without reasonable accommodation.

35.     Defendant discharged Plaintiff.

36.     Defendant's conduct violated 42 U.S.C. § 12112.

37.     As a result, Plaintiff suffered, and continues to suffer, damage and is entitled to the damages and other relief set forth below.

### Count II – Retaliation

38.     Plaintiff re-alleges all above relevant paragraphs as if fully restated herein.

PAGE 7 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

39. Defendant retaliated against Plaintiff for pursuing her rights in accordance with the ADA. Such actions by Defendant are in violation of the ADA.

40. As a result, Plaintiff suffered, and continues to suffer, damage and is entitled to the damages and other relief set forth below.

## SECOND CLAIM FOR RELIEF

### (Oregon Disability Discrimination and retaliation, ORS 659A.103 et seq.)

41. Plaintiff re-alleges all above relevant paragraphs as if fully restated herein.

42. Plaintiff is a 'disabled person' as defined at ORS 659A.104(1).

43. Defendant is an 'employer' as defined at ORS 659A.106.

44. Defendant discriminated against Plaintiff because of her disability.

45. Defendant failed to engage in the interactive process with Plaintiff.

46. Plaintiff could perform the essential functions of her job with Defendant with or without the reasonable accommodations of allowing her to continue to work.

47. Defendant's refusal to provide reasonable accommodations for Plaintiff's known disability constitutes discrimination against Plaintiff pursuant to ORS 659A.103 et seq.

48. As a result, Plaintiff suffered, and continues to suffer, damage and is entitled to the damages and other relief set forth below.

## THIRD CLAIM FOR RELIEF

### (Title VII Gender and Sex Discrimination – 42 U.S.C. § 2000e-2)

### Count I – Gender and Sex Discrimination

49. Plaintiff re-alleges all prior relevant paragraphs as if fully set forth herein.

50. At all material times, Washington County was an employer within the meaning of 42 U.S.C. § 2000e (b).

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

51. Washington County discriminated against Branford with respect to the terms and conditions of her employment because of Branford's sex and gender, to wit female. The County changed the terms and conditions of Branford's employment based upon her status as a female, minority, selectively enforced policies or practices to the detriment of Branford because of her sex and gender, and subjected her to a hostile work environment.

52. Washington County had no business necessity in firing Branford because of her sex and gender.

53. Plaintiff is entitled to equitable relief and damages as set forth below.

### Count II – Gender Retaliation

54. Plaintiff re-alleges all prior relevant paragraphs as if fully set forth herein.

55. At all material times, Washington County was an employer within the meaning of 42 U.S.C. § 2000e (b).

56. Washington County discriminated and retaliated against Branford with respect to the terms and conditions of his employment because Branford opposed unlawful gender and sex discrimination.

57. Plaintiff is entitled to equitable relief and damages as set forth below.

58. The County's conduct violated 42 U.S.C. § 2000e-2.

59. Branford is entitled to a declaration that the conduct of the County violated 42 U.S.C. § 2000e-2.

60. As a result of the County's unlawful employment actions, Branford suffered, and continues to suffer, economic and non-economic damages. Branford is entitled to damages, attorney fees, costs, and interest as alleged below.

PAGE 9 – COMPLAINT AND DEMAND FOR JURY TRIAL

## FOURTH CLAIM FOR RELIEF

### (Oregon Sex and Gender Discrimination – ORS 659A.030)

61.     Plaintiff re-alleges all relevant paragraphs as if fully set forth herein.

62.     The County is an "employer" within the meaning of ORS 659A.001(4) and ORS 659A.030.

63.     The County discriminated against Branford with respect to the terms and conditions of her employment and threatened discipline of Branford because of Branford's sex and gender.

64.     The County's conduct violated ORS 659A.030.

65.     Branford is entitled to a declaration that the conduct of the County violated ORS 659A.030.

66.     As a result of the County's unlawful employment actions, Branford suffered, and continues to suffer, economic and non-economic damages.  Branford is entitled to damages, attorney fees, costs, and interest as alleged below.

## FIFTH CLAIM FOR RELIEF

### (ORS Chapter 659A.199 – Whistleblower)

67.     Plaintiff re-alleges all relevant paragraphs as if fully set forth herein.

68.     Branford reported to the County conduct that she believed was evidence of a violation of state or federal law, rule, or regulation.

69.     The County discriminated and retaliated against Branford because of the report she made.  The County's actions violated ORS 659A.199, are an unlawful employment practice, and caused Branford economic and non-economic damages.

PAGE 10 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

70.     As a result, Branford suffered damages and is entitled to the damages and other relief set forth below.

## SIXTH CLAIM FOR RELIEF

### (ORS Chapter 659A.203 – Whistleblower)

71.     Plaintiff re-alleges all relevant paragraphs as if fully set forth herein.

72.     Branford reported to the County conduct that she believed was evidence of a violation of state or federal law, rule, or regulation.

73.     The County discriminated and retaliated against Branford because of the report she made.  The County's actions violated ORS 659A.203, are an unlawful employment practice, and caused Branford economic and non-economic damages.

74.     As a result, Branford suffered damages and is entitled to the damages and other relief set forth below.

## SEVENTH CLAIM FOR RELIEF

### (ORS Chapter 659A.230 – Whistleblower)

75.     Plaintiff re-alleges all relevant paragraphs as if fully set forth herein.

76.     Branford reported criminal activity to Defendant.

77.     Defendant discriminated and retaliated against Branford because of the reports she made.  Defendant's actions violated ORS 659A.230, are an unlawful employment practice, and caused Branford economic and non-economic damages.

78.     As a result, Branford suffered damages and is entitled to the damages and other relief set forth below.

PAGE 11 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

## EIGHTH CLAIM FOR RELIEF

### (ORS Chapter 659A.290 – Victim of Domestic Violence/Sex harassment)

### (Against the County)

79.  Plaintiff re-alleges all relevant paragraphs as if fully set forth herein.

80.  Branford was a victim of domestic violence, harassment, stalking and/or sexual assault, as alleged above.

81.  The County discriminated and retaliated against Branford because or her status as a victim of domestic violence, harassment, stalking and/or sexual assault.

82.  The County's actions violated ORS 659A.290, are an unlawful employment practice, and caused Branford economic and non-economic damages.

83.  As a result, Branford suffered damages and is entitled to the damages and other relief set forth below.

## DAMAGES

84.  Branford is entitled to equitable relief, including, but not limited to, a declaration that the County violated Branford's statutory rights, and an injunction prohibiting further discrimination and retaliation.

85.  Branford is entitled to an award for economic damages for past and future pecuniary losses. Branford should be awarded economic damages in an amount determined to be fair by a jury.

86.  Branford is entitled to non-economic damages sufficient to compensate Branford for emotional distress and other non-pecuniary losses in an amount to be proved at trial. Branford should be awarded non-economic damages in an amount determined to be fair by a jury.

PAGE 12 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

87. Branford is entitled to a declaration that the County's conduct violated 42 U.S.C. § 2000e-2, 42 U.S.C. § 2000e-3, ORS 659A.030, ORS 659A.199, ORS 659A.230, and ORS 659A.203.

88. To the extent any amount awarded to Branford is for damages occurring prior to the entry of judgment, Branford is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

89. Pursuant to ORS 659A.885, ORS 20.107, 42 U.S.C. § 1988, and 42 U.S.C. § 2000e-5(k), Branford is entitled to recover her reasonable attorney fees and costs, including expert witness fees.

90. Branford is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Branford seeks judgment against Defendant, and requests that this Court enter an Order as follows:

a) Accepting jurisdiction of this case and declaring that Defendant has violated ORS 659A.030, ORS 659A.199, ORS 659A.203, ORS 659A.230, ORS 659A.290, 42 U.S.C. § 2000e, and 42 U.S.C. § 1983;

b) Equitable relief as the Court deems appropriate;

c) Compensatory damages to compensate Branford for her non-economic damages in a sum that is just as determined by a jury;

d) Compensatory damages to compensate Branford for her economic damages in a sum that is just as determined by a jury;

e) Branford's costs and disbursements incurred herein;

PAGE 13 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

  f) Branford's attorney fees pursuant to ORS 659A.885, ORS 20.107, 42 U.S.C. § 1988, and 42 U.S.C. § 2000e-5(k); and

  g) For such other and further relief as the Court may deem just and equitable.

**Plaintiff Branford demands a trial by Jury.**

 DATED: July 2, 2019.

           **Law Offices of Daniel Snyder**

           _s/ Daniel Snyder_
           Daniel Snyder, OSB No. 783856
           dansnyder@lawofficeofdanielsnyder.com
           Carl Post, OSB No. 06105
           carlpost@lawofficeofdanielsnyd+er.com
           John David Burgess, OSB 106498
           johnburgess@lawofficeofdanielsnyder.com
           Tel: (503) 241-3617 / Fax: (503) 241-2249
           Of Attorneys for Plaintiff

PAGE 14 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249